**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| NATIONAL CITY PARTNERSHIP SOLUTIONS, INC., | : | |
| | : | |
| Plaintiff, | | Case No. 3:07cv00408 |
| | : | |
| vs. | | District Judge Walter Herbert Rice |
| | : | Magistrate Judge Sharon L. Ovington |
| MIDWEST FINANCIAL AND MORTGAGE SERVICES, INC., | : | |
| | | |
| Defendant. | : | |

**REPORT AND RECOMMENDATIONS[1]**

**I.   INTRODUCTION**

Plaintiff National City Partnership Solutions, Inc., a Delaware corporation with its principal place of business in Montgomery County, Ohio, brings this case through a nine Count Complaint raising claims under Ohio law. Defendant Midwest Financial and Mortgage Services, Inc. "is a Kentucky corporation licensed to do business in the Commonwealth of Kentucy." (Doc. #15 at ¶2). The Complaint asserts subject matter jurisdiction based on 28 U.S.C. §1332 because the matter at issue exceeds $75,000.00, exclusive of interest and costs, and involves parties with diverse citizenship. (Doc. #1 at ¶4).

At the outset of this case, Plaintiff effected service of summons and the Complaint upon

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Defendant Midwest, *see* Doc. #12, and Defendant Midwest filed an Answer through its counsel of record, *see* Doc. #15.

On April 2, 2008, the Court entered its Preliminary Pretrial Conference Order setting various case-management deadlines, including, for example, a discovery deadline, a dispositive motion deadline, and the trial date. (Doc. #17). The Court thereafter granted Defendant Midwest's trial counsel's Motion to Withdraw and notified Defendant Midwest that it must obtain new counsel no later than May 18, 2008. (Doc. #s 18, 19). Defendant Midwest did not obtain new counsel.

The Court next provided additional notice to Defendant Midwest of the requirement that it must obtain new counsel to represent it in this case and directed Defendant Midwest to file, through counsel, a response to Plaintiff's pending Motions on or before December 22, 2008. (Doc. #22). The Court also informed Defendant Midwest that if it failed to Comply with the Order and failed to file timely responses to Plaintiff's pending Motions, two things may occur: (1) the Court may grant those Motions without further notice to Defendant Midwest, and (2) "the Court may also award Plaintiff the relief it seeks, as permitted by applicable law. Such relief may result in the entry of a Judgment against Defendant exposing it to significant financial liability." (Doc. #22 at 2). Defendant Midwest has not obtained new counsel and has failed to respond to the Court's second Order and to Plaintiff's pending Motions.

In light of the above-described procedural history, the case is presently before the Court upon Plaintiff's Motion for Default Judgment (Doc. #20), Plaintiff's Motion for Partial Summary Judgment (Doc. #22), and the record as a whole.

## II. THE COMPLAINT

Plaintiff's Complaint claims, among other things, that Defendant Midwest breached the parties' two Mortgage Loan Purchase Agreements. The parties' first Mortgage Loan Purchase Agreement came into existence on June 10, 2002, and under its terms, "Midwest agreed to sell, and National City agreed to purchase, certain mortgage loans, together with the servicing thereof." (Doc. #1 at ¶6). The second Mortgage Loan Purchase Agreement came into being on February 8, 2004, and under its terms, Midwest again "agreed to sell and National City [again] agreed to purchase certain mortgage loans, together with the servicing thereof." *Id*. at ¶7.

The Complaint alleges, in part, that Defendant Midwest intentionally or negligently provided Plaintiff with false information concerning "the true market value of the properties securing the loans" and, consequently, the mortgage loans Plaintiff purchased were "impermissibly defective." *Id*. at ¶s 11-12. Through its allegations, the Complaint describes thirteen such impermissibly defective mortgage loans. *Id*. at pp. 3-10.

The Complaint further claims that Defendant Midwest failed to meet its contractual obligations to repurchase each of the loan agreements or reimburse Plaintiff as required by the parties' Mortgage Loan Purchase Agreements. *Id*. at ¶s 54-55.

## III. DISCUSSION

Pursuant to Fed. R. Civ. P. 16(f) and 37(b), Plaintiff seeks the sanction of a default judgment against Defendant Midwest in the amount of $840,575.00. Such a sanction is warranted, according to Plaintiff, because Defendant Midwest has not obtained new counsel to represent it in this case, thus causing prejudice to Plaintiff, and because Defendant Midwest violated the Court's Order relative to obtaining new counsel. (Doc. #20 at pp. 11-12).

Rule 16(f)(1) of the Federal Rules of Civil Procedure provides, "On motion or on its own, the court may issue just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney... (C) fails to obey a scheduling or other pretrial order." One such sanction is "rendering a default judgment against the disobedient party...." Fed. R. Civ. P. 37(b)(2)(A)(vi).

Imposition of default judgment against a defendant under Rule 37(b)(2)(A)(vi) is an extreme sanction akin to dismissal of a plaintiff's case for failure to prosecute. *See Buck v. U.S. Dept. Of Agriculture, Farmers Home Admin.*, 960 F.2d 603, 607-08 (6th Cir. 1992). Such dismissals are warranted only upon a showing "a clear record of delay or contumacious conduct" by the offending party and when "no alternate sanction would protect the integrity of the pre-trial proceedings." *Id*. at 608; *cf. Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990)("Just as '[d]ismissal of an action for failure to cooperate in discovery is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault...,' so, too, is entry of default judgment.").

In the present case, Defendant Midwest has not obtained new counsel as required by two separate Court Orders (Doc. #s 19, 22) and has not participated in any meaningful way in this case since jointly filing (with Plaintiff) a Rule 26(f) Report more than nine months ago. Defendant Midwest has been given notice on two prior occasions of the requirement that it must obtain counsel to represent it in this case; the last notice informed Defendant Midwest that its failure to obtain counsel and respond to Plaintiff's pending Motions may result in the Court's decision to grant Plaintiff the relief it seeks. (Doc. #22). Yet, facing this Order, Defendant Midwest remained silent. The most significant effect of its silence is that there does not appear

4

any dispute in the record over the fact of its clear record of delay or over the amount of sanction Plaintiff seeks. And, given Defendant Midwest's silence and inaction in response to two Court Orders, it appears that no lesser sanction permitted by Rule 37(b)(2)(A) would protect the integrity of the pretrial proceedings.

Lastly, Defendant Midwest's failure to secure new counsel has created significant prejudice to Plaintiff. Many of the deadlines set by the Court's Scheduling Order have expired, including the discovery deadline and dispositive motion deadline. (Doc. #17). Because Defendant Midwest remains unrepresented by counsel in this case, Plaintiff has been unable to engage in any meaningful discovery. *See* Doc. #20 at 11. Written discovery requests that it served before the Court's Order allowing Defendant Midwest's counsel to withdraw, have gone unanswered. *Id*. Further, Defendant Midwest has also failed to produce documents responsive to Plaintiff's document requests. *Id*.

Accordingly, for all the above reasons, imposing the extreme sanction of default judgment upon Defendant Midwest is warranted. *See Wheaton v. Billy*, 2008 WL 2510120 at *1-*2 (W.D. Okla., June 18, 2008) (granting motion for entry of default judgment against defendant for failing to secure new counsel in violation of Court order). And because Plaintiff has submitted the Lynn Rowland's Declaration – which is unrebutted by Defendant Midwest – it has established its damages in the amount of $840,575.00, and that a sanction in that amount is warranted.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's Motion for Default Judgment (Doc. #20) be GRANTED under Fed. R. Civ. P. 16(f) and 37(b)(2)(A)(vi);

2. The Clerk of Court be directed to enter Judgment in favor of Plaintiff National City Partnership Solutions, Inc. and against Defendant Midwest Financial and Mortgage Services, Inc. in the amount of $840,575.00 pursuant to Fed. R. Civ. P. 58;

3. Plaintiff's Motion for Partial Summary Judgment (Doc. #21) be DENIED as moot; and

4. The case be terminated on the docket of this Court.

December 30, 2008

s/ Sharon L. Ovington
Sharon L. Ovington
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).